UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  CR03-479-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| CATHIE L. McPHERRIN, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| _____ | ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on March 18, 2008, as well as an initial hearing on additional alleged violations. The United States was represented by AUSA James D. Oesterle and the defendant by Michael Filipovic. The proceedings were digitally recorded.

Defendant had been sentenced on or about May 14, 2004 by the Honorable John C. Coughenour on four counts of False Statement to a Credit Union, and sentenced to one day in custody, five years supervised release. (Dkt. 24, as amended.) The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from possessing a firearm, submit to search, participate in mental health treatment, pay restitution in the

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

amount of $28,763.19, provide her probation officer with access to financial information, maintain a single checking account for all financial transactions, disclose any business interests, disclose all assets and liabilities, be prohibited from incurring new credit obligations or lines of credit without approval, be prohibited from employment in real estate, accounting or financial services, not possess any identification documents in any but defendant's true name, cooperate with the Internal Revenue Service in determining tax obligations and file tax returns in a timely manner, and keep her probation officer advised of the nature and details of her employment at all times.

On February 10, 2005, defendant admitted violating the conditions of supervised release by failing to report a change of residence and opening a new line of credit without permission (Dkt. 40.) Following a disposition hearing before Judge Coughenour on May 27, 2005, defendant was continued on supervised release. (Dkt. 50.)

On October 19, 2006, defendant admitted violating the conditions of supervision by failing to pay restitution for the months of May 2006 through July 2006. (Dkt. 75.) As a result, and in order to facilitate payment of her restitution obligation, defendant's supervised release was modified to require her to release any interest in her husband's voluntary separation incentive payments. (Dkt. 84.)

On January 14, 2008, defendant admitted violating the conditions of supervised release by failing to notify her probation officer prior to a change in residence, failing to report to her probation officer as directed and failing to follow the instructions of her probation officer. (Dkt. 95.) A disposition hearing has not yet been scheduled on these admitted violations.

In an application dated January 25, 2008 (Dkt. 106), U.S. Probation Officer Mark K. Okano alleged the following violations of the conditions of supervised release, which were

incorporated into pending proceedings for the three violations admitted on January 14, 2008:

    4.    Failing to notify the probation officer at least ten days prior to any change in residence or employment, in violation of standard condition #6.

    5.    Committing a new state offense of Animal Cruelty in the Second Degree, in violation of RCW 16.52.207.

    6.    Failing to keep her U.S. Probation Officer advised of the nature and details of her employment at all times in violation of special condition #13.

    7.    Failing to disclose all bank accounts to the U.S. Probation Office in violation of special condition #6.

    8.    Failing to submit a truthful and complete written monthly report for September 2007, in violation of standard condition #2.

Defendant was advised in full as to those charges and as to her constitutional rights.

Defendant admitted alleged violations 4, 7, and 8, and waived any evidentiary hearing as to whether these violations occurred. The government withdrew alleged violation 5, pending resolution of the underlying state court charges. The defendant denied alleged violation 6. An evidentiary hearing was conducted, and the undersigned makes the following Findings of Fact:

**Findings of Fact**

(A)    On or about October 2007, supervision of the defendant was transferred to U.S. Probation Officer Mark Okano, who was initially unsuccessful in locating the defendant. Upon a visit to defendant's known home address, Mr. Okano found an eviction notice posted. After further unsuccessful efforts to locate defendant, a bench warrant was issued. The defendant and her husband were located and taken into custody. They admitted that they had a second address

in Shelton, Washington, which was different from the Federal Way address listed in the monthly reports to the probation officer.

(B)     Hearing Exhibit 6 was offered and admitted into evidence. The exhibit, a Certificate of Formation issued by the Secretary of Sate of the State of Washington, pertains to Royal H Ranch, LLC, a Washington Limited Liability company (the Company), and was issued on August 31, 2007. The "Place of Business" for the Company is 110s Bambi Farms Rd in Shelton Washington. Tim Hotchkiss and Cathie Hotchkiss are listed as officers of the Company. The "Nature of Business" is "farm and ranch, horse, cattle pigs".

(C)     Hearing Exhibit 7 was offered and admitted into evidence. The exhibit is a Boarding Agreement dated November 17, 2007 between Royal H Ranch and the owner of a horse, whereby the horse was to be boarded on the property and consigned for sale, upon payment of a boarding fee and consignment fee to the stable. Cathie Hotchkiss signed the agreement as the representative of the stable. During a visit to the stable located in Shelton, Washington, Mr. Okano noticed items of tack for sale on the premises. He talked to Caitlin McPherrin, daughter of Cathie McPherrin Hotchkiss, who indicated that they were purchasing horses on consignment and selling them, as well as selling the tack on the internet.

**Conclusion**

Special condition number 13 requires the defendant to "keep her probation officer advised of the nature and details of her employment at all time." Defendant and her husband procured a Certificate of Formation to Royal H Ranch, LLC on August 31, 2007 from the Secretary of State for the State of Washington, providing information in the certificate regarding the nature, location, contact names, registered agents, and officers of their "business", which was located on their


residence in Shelton, Washington. Exhibit 7 indicates that at least one purpose of the business was to board animals for consignment sale and at least one boarding agreement was entered into as of November 17th, 2007. The fact that the defendant was commencing a business at a residence address which she had failed to disclose to her probation officer also give rise to a negative inference.

I recommend the Court find defendant violated her supervised release as alleged in violation 6. I further recommend the Court find defendant violated her supervised release as alleged in violations 4, 7 and 8, and that the Court conduct a hearing limited to the issue of disposition on these violations. The Court may wish to consolidate the disposition of these violations and previously admitted violations 1, 2, and 3. The next hearing will be set before Judge Coughenour.

Pending a final determination by the Court, defendant has been released on the conditions of supervision.

DATED this 18th day of March, 2008.

Mary Alice Theiler
United States Magistrate Judge

cc:	District Judge:	Honorable John C. Coughenour
	AUSA:	James D. Oesterle
	Defendant's attorney:	Michael Filipovic
	Probation Officer:	Mark K. Okano

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -5